**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Baldemar LOARCA–LOARCA,
Defendant–Appellant.**

**No. 11–10652.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2012.*

Filed Sept. 20, 2012.

Sheila Ann Phillips, Assistant U.S., USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Adrian Paulino Fontes, Pheonix, AZ, for Defendant–Appellant.

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

MEMORANDUM ***

Baldemar Loarca–Loarca appeals from the 60–month sentence imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Loarca–Loarca contends that the district court erred by failing to consider

---

ed by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

properly the sentencing factors set forth in 18 U.S.C. § 3553(a), and by failing to explain adequately the reasons for the sentence. The court acknowledged Loarca–Loarca's arguments, and explained that they were insufficient to warrant a below-Guidelines sentence in light of Loarca–Loarca's criminal history, one of the section 3553(a) sentencing factors. Its failure to do more was not plain error. *See United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010).

Loarca–Loarca also contends that his sentence is substantively unreasonable. In light of the totality of the circumstances and the section 3553(a) sentencing factors, the sentence is substantively reasonable. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.